Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SUSAN MEDLIN, an Individual, | Case No. |
| Plaintiff, | COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)** |
| v. | Prayer: $150,000 |
| PEACEHEALTH, a corporation, | NOT SUBJECT TO MANDATORY ARBITRATION |
| Defendant. | JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Susan Medlin, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

### INTRODUCTION

This case goes to heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the very topical controversies surrounding management of the COVID-19 pandemic and the vaccine mandates that have swept the nation. In the end, though, this case is about the Plaintiff and the unlawful religious discrimination she

Page 1 –COMPLAINT FOR DAMAGES

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

suffered at the hands of her employer, PeaceHealth.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Susan Medlin, lives in Lane County, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about October 14, 2021.

2.

At all times material to this Complaint, Plaintiff was a resident of Lane County, Oregon.

3.

At all times material to this Complaint, Defendant PeaceHealth was regularly conducting business in the State of Oregon, specifically at the Riverbend Hospital in Springfield, Oregon and the University District Hospital in Eugene, Oregon.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff was hired by Defendant on or about July 11, 2008. Plaintiff worked without incident for over thirteen years as a highly trained and skilled Registered Respiratory Therapist. Plaintiff worked directly with patients hospitalized with breathing problems, including placing patients on ventilators, and working in the COVID unit. Throughout her employment, Plaintiff received consistently good reviews from her supervisor.

6.

Plaintiff is also a devoutly religious individual who adheres to principles of a Christian faith.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities.

9.

As a registered respiratory therapist focused on direct patient care for highly vulnerable, hospitalized patients, Plaintiff was exposed to the harsh realities of the pandemic on a day-to-day basis, including the risk that she may become infected with the virus

10.

Despite those risks, Plaintiff continued to provide an exceptional quality of work at the Defendant's hospital. Like so many health care workers during the pandemic, Plaintiff adjusted her life to best ensure the safety of her patients and colleagues. Plaintiff did so with little thought to her own self because of her dedication to her work and to the Defendant's patients.

11.

For 18 months, Plaintiff scrupulously followed hospital rules and regulations to protect against infection, which included the wearing of personal protective equipment (herein, "PPE"), hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary.

12.

In the summer of 2021, Defendant announced it would be implementing and enforcing a COVID-19 vaccine mandate in the workplace. Plaintiff was informed that those individuals with religious beliefs in conflict with the vaccine and/or to the taking of the vaccine could apply for religious exceptions.  As a devout Christian, Plaintiff had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body.  On or about August 5, 2021, Plaintiff filed the formal paperwork for a religious exception and anticipated it would be granted.

13.

On or about August 18, 2021, Plaintiff's requested religious exemption was approved. But instead of reasonably accommodating Plaintiff's sincerely held religious beliefs, Defendant informed Plaintiff that she would be placed on unpaid administrative leave, effective September 1, 2021.

14.

Plaintiff was devastated and felt great sadness over the loss of her work, and the interactions with her patients and other staff. Plaintiff attempted to negotiate with the Defendant to find a workable solution to her religious exemption from the vaccine, but Defendant's only response was to state that unvaccinated employees could not be around patients, coworkers, or enter PeaceHealth facilities.

15.

The termination of Plaintiff's pay has had a significantly negative impact on her life. Plaintiff was forced to use her paid time off and was without paid employment for over six months.  Plaintiff has since performed some traveler contract work, entailing travel away from home and taking whatever shifts are available. Prior to her effective termination, Plaintiff was earning $37.29 hourly, for an annual salary of approximately $72,000, and worked day shifts.

16.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating her being placed on unpaid administrative leave.

17.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not, as it has claimed, to protect against an "unacceptable health and safety risk." Instead, those actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

17.

Because of the Defendant's unlawful adverse employment actions against Plaintiff, Plaintiff has suffered economic loss and emotional distress. She also has been ostracized and stigmatized unfairly for her religious convictions.

### FIRST CLAIM FOR RELIEF
### (Unlawful Employment Discrimination Based on Religion in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

18.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

19.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

20.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

21.

Instead of finding a reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being placed on unpaid administrative leave. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful effective termination.

22.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $50,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## SECOND CLAIM FOR RELIEF
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

23.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

24.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

25.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

26.

Instead of finding a reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in placing Plaintiff on unpaid administrative leave. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

27.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $50,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $50,000.00.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 3rd day of January 2023.

                                          JANZEN LEGAL SERVICES, LLC

                                          By /s/ Caroline Janzen
                                          Caroline Janzen, OSB No. 176233
                                          caroline@ruggedlaw.com
                                          Attorney for the Plaintiff