IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SUSAN MEDLIN, | Civ. No. 6:23-cv-00012-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| PEACEHEALTH, | |
| Defendant. | |

AIKEN, District Judge.

This case comes before the Court on a Motion to Dismiss filed by Defendant PeaceHealth. ECF No. 12. Despite multiple extensions of time, Plaintiff has not responded to the motion and the time for doing so has passed. For the reasons set forth below, the Motion is GRANTED and this case is DISMISSED with leave to amend.

## LEGAL STANDARD

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*,

Page 1 –OPINION & ORDER

556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## INCORPORATION BY REFERENCE

Defendant requests the Court consider Plaintiff's Oregon Health Authority COVID-19 Vaccine Religious Exception Request Form, Lauren Decl. Ex. 1, ECF No. 13, in resolving the Motion to Dismiss based on the doctrine of incorporation by reference. The general rule is that "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The incorporation-by-reference doctrine is one of "two exceptions to this [general] rule[.]" *Id.* The incorporation-by-reference doctrine is a judicial creation that "treats certain documents as though they are part of the complaint itself" and "prevents plaintiff from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002. The Ninth Circuit has previously recognized that "a defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms a basis of the plaintiff's claim.'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).

With respect to the extensiveness of the complaint's references, the Ninth Circuit has "held that 'the mere mention of the existence of a document is insufficient to incorporate the contents of a document' under *Ritchie*." *Khoja*, 899 F.3d at 1002 (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).

Here, Plaintiff's Complaint certainly references her request for a religious exception to the COVID-19 vaccine requirement. Compl. ¶¶ 12-13. ECF No. 1. Plaintiff claims that she was discriminated against based on her "well-founded and sincere religious objection to taking the COVID-19 vaccine" and that her "sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate." *Id.* ¶¶ 20, 24-25. On this record, and in the absence of any objection by Plaintiff, the Court concludes that Plaintiff's religious exception request is a valid subject for incorporation by reference. Exhibit 1 to the Lauren Declaration will therefore be considered in resolving the Motion to Dismiss.

## BACKGROUND

Plaintiff Susan Medlin was employed by Defendant PeaceHealth as a Registered Respiratory Therapist beginning in 2008. Compl. ¶ 5. The COVID-19 pandemic reached Oregon in February 2020. *Id.* at ¶ 8. In the summer of 2021, Defendant announced that it would be implementing a workplace vaccine mandate requiring employees to be vaccinated for COVID-19. *Id.* at ¶ 12. Plaintiff was told that employees with religious beliefs that conflicted with the mandate could apply for a religious exception. *Id.* Plaintiff alleges that she "had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the

purity of her body." *Id.*

On August 5, 2021, Plaintiff "filed the formal paperwork for a religious exception and anticipated it would be granted." Compl. ¶ 12. Plaintiff's religious exemption request was submitted by email and stated:

> I am requesting a religious exemption from the Covid vaccine mandate. My request is based on my Christian belief in God's sovereignty, omniscience, and omnipotence. I believe that nothing happens in my life that is not filtered through those attributes of God.

Lauren Decl. Ex. 1, at 3.

Plaintiff followed this statement with a series of Bible verses, before observing "I could cite the entire Bible," followed by an additional Bible verse. Lauren Decl. Ex. 1, at 3. Plaintiff concluded by saying "What else can I say?" and offering another Bible verse. *Id.*

On August 18, 2021, Plaintiff was notified by email that her religious exemption request had been approved, but the email continued:

> Unfortunately, based on the latest data about the accelerating public health emergency caused by transmission of new COVID-19 variants, PeaceHealth has made the clinical determination that contact between unvaccinated caregivers and patients, caregivers or other community members in our facilities poses an unacceptable health and safety risk.

Lauren Decl. Ex. 1, at 4.

Plaintiff was placed on unpaid administrative leave beginning September 1, 2021. Compl. ¶ 13.

Plaintiff submitted a further COVID-19 Vaccine Religious Exception Request Form on October 18, 2021. Lauren Decl. Ex. 1, at 1. In that form, Plaintiff was asked to describe how her religious observances, practices, or beliefs conflicted with

Page 4 – OPINION & ORDER

receiving the COVID-19 vaccine. *Id.* Plaintiff wrote:

> My body is the temple of the Hoy [sic] Spirit. I believe that God is the keeper and sustainer of my body. I am trusting Him. I live a healthy life walking according to the word of God to the best of my abilities.

Lauren Decl. Ex. 1, at 1.

## DISCUSSION

Plaintiff brings claims for (1) unlawful employment discrimination based on religion in contravention of ORS 659A.030; and (2) unlawful employment discrimination in contravention of Title VII of the Civil Rights Act, 42 U.S.C. 2000e *et seq*. Defendants move to dismiss both claims because the Complaint, considered with the materials incorporated by reference, establish that Plaintiff did not assert in her religious exception requests "a sincerely held *religious* belief that *conflicted* with receiving the COVID-19 vaccine as required to entitle her to protection under Title VII or ORS 659A.030 as a matter of law." Def. Mot. 4 (emphasis in original). As noted, Plaintiff has failed to file a timely response to the motion and so has forfeited her opportunity to challenge Defendant's motion.

Under Title VII, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's … religion[.]" 42 U.S.C. § 2000e-2(a)(1). The term "religion" encompasses all aspects of religious practice and belief. 42 U.S.C. § 2000e(j); *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 602 (9th Cir. 2004).

Title VII failure-to-accommodate claims are analyzed under a two-part,

burden-shifting framework. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998). A plaintiff must first plead a prima facie case of religious discrimination. *Id.* If an employee makes out a prima facie case, the burden shifts to the employer to show that the it made good-faith efforts to reasonably accommodate the religious practice or that it could not accommodate without undue hardship. *Id.*

To make a prima facie case of religious discrimination under Title VII, a plaintiff must show that "(1) she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer threatened her or subjected her to discriminatory treatment, including discharge, because of her inability to fulfill the job requirements." *Tiano*, 139 F.3d at 681 (citation omitted). The same elements apply to claims under ORS 659A.030. *See, Pullom v. U.S. Bakery*, 477 F. Supp. 2d 1093, 1100 (D. Or. 2007) ("Because ORS 659A.030 is modeled after Title VII, plaintiff's state law discrimination claim can be analyzed together with her federal discrimination claim.").

"A bona fide religious belief is one that is 'sincerely held,'" and a court "should generally accept the assertion of a sincerely held religious belief." *Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *3 (D. Or. July 28, 2023) (internal quotation marks and citations omitted). The burden to allege a religious conflict with an employment duty is minimal. *Bolden-Hardge v. Office of Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). However, a court need not take

"conclusory assertions of violation of religious beliefs at face value." *Id.* "A threadbare reference to the plaintiff's religious beliefs is insufficient to satisfy the first element of a prima facie case," and "Title VII does not protect medical, economic, political, or social preferences." *Kather*, 2023 WL 4865533, at *3 (internal quotation marks and citations omitted).

Here, Plaintiff alleges that she is a "devoutly religious individual who adheres to principles of a Christian faith." Compl. ¶ 6. Plaintiff alleges that she declined the vaccine because "[a]s a devout Christian, Plaintiff has serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body." *Id.* at ¶ 12. Plaintiff offers little in the way of explanation in the Complaint concerning the specifics of the conflict between her religious beliefs and the vaccine, beyond conclusory statements. *See, e.g.,* Compl. ¶¶ 19, 24 ("The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate."). Nor does the text of Plaintiff's religious exception request make it clear that her religious beliefs were in conflict with the vaccine mandate other than to say that her request was "based on my Christian belief in God's sovereignty, omniscience, and omnipotence," and her belief that "nothing that happens in my life that is not filtered through those attributes of God." Lauren Decl. Ex. 1, at 3.

The requirement that Title VII plaintiffs "provide more than a recitation of the elements of a prima face case is not an empty formalism." *Gamon v. Shringers Hosp. for Chilren*, Case No. 3:23-cv-00216-IM, 2023 WL 7019980, at *3 (D. Or. Oct. 25, 2023). Here, Plaintiff's conclusory allegations are insufficient to state a claim under

Rule 12(b)(6). Although, as noted, "the burden to allege a conflict with religious beliefs is fairly minimal," courts need not "take plaintiff's conclusory allegations of violations of their religious beliefs at face value" and must still ask "whether [a plaintiff] has alleged an actual conflict." *Bolden-Hardge*, 63 F.4th at 1223. "Consistent with this rule, several district courts have dismissed Title VII complaints for making conclusory allegations regarding the plaintiff's religious views that do not describe the conflict between those views and the former employer's policies." *Gamon*, 2023 WL 7019980, at *2 (collecting cases). As courts in this District have held, "vague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations." *Kather*, 2023 WL 4865533, at *5; *see also Trinh v. Shriner's Hosp. for Children*, Case No. 3:22-cv-01999-SB, 2023 WL 7525228, at *10 (D. Or. 23, 2023) (finding that a complaint failed to state a claim for religious discrimination based on conclusory allegations concerning objections based on "bodily integrity" and "purity of [the plaintiff's] body."); *Craven v. Shriners Hosp. for Children*, Case No. 3:22-cv-01619-IM, 2024 WL 21557 at *4 (D. Or. Jan. 2, 2024) ("Of course, this Court does not question the sincerity of Plaintiff's belief that his 'body is a temple of the Holy Spirit.' But Plaintiff's belief about the composition of his body and that of the vaccine are independent of one another[.]" (internal citation omitted)). This Court concurs and concludes that Plaintiff has failed to allege a prima facie case and so Defendant's Motion to Dismiss is GRANTED.

The Court must also consider whether dismissal should be with or without leave to amend. "Dismissal without leave to amend is improper unless it is clear that

the complaint could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (internal quotation marks and citation omitted). In *Craven v. Shriners Hospital for Children*, the district court was presented with a similar procedural situation as in the present case in that the defendant submitted the plaintiff's exemption form for consideration under the doctrine of incorporation by reference. *Craven*, 2024 WL 21557, at *2, n.2. The court concluded that "Plaintiff's exemption form contains the only facts he could add to an amended complaint …because, under the second element of a prima facie case, the conflict a Title VII Plaintiff alleges must be the same conflict of which he informed his employer." *Id.* at *4 n.3. As a result, the court concluded that any additional amendment would fail to cure the deficiencies and so amendment would be futile. *Id.*

Here, unlike *Craven*, Plaintiff has entirely failed to respond to Defendant's motion despite multiple extension of time, whether to rebut Defendant's argument or to suggest that there might be additional facts that would establish a conflict between Plaintiff's religious beliefs and Defendant's vaccine mandate of which Defendant was informed. Despite the similarity between the present case and *Craven*, the Court cannot rule out the possibility that Plaintiff could plead facts establishing that she informed her employer of a conflict between her religious beliefs and the vaccine requirement. In light of the liberal policy concerning amendment, Plaintiff shall be given leave to file an amended complaint to correct the deficiencies identified by this Order.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 12, is GRANTED and the Complaint is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file her amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of judgment without further notice.

It is so ORDERED and DATED this ___21st___ day of February 2024.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge