IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SUSAN MEDLIN, | Civ. No. 6:23-cv-00012-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| PEACEHEALTH, | |
| Defendant. | |

AIKEN, District Judge.

This case comes before the Court on a Plaintiff's Motion to Set Aside Judgment and Alternative Motion for Reconsideration. ECF No. 32. The motion is DENIED.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) governs reconsideration of a "final judgment, order, or proceeding" of the district court. That Rule allows a district court to relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial; (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party,"; (4) if the judgment is void; (5) if the judgment has been satisfied, released, or discharged, or it is based on an

earlier judgment that has been reversed or vacated or applying it prospectively is not longer equitable; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The party making a Rule 60(b) motion bears the burden of proof. *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992). Reconsideration is "an extraordinary remedy to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

## DISCUSSION

Defendant PeaceHealth moved to dismiss the original Complaint and, despite multiple extension of time, Plaintiff never responded to the motion. On February 21, 2024, the Court granted the motion to dismiss and gave Plaintiff thirty days in which to file an amended complaint, with a warning that failure to timely file an amended complaint would result in entry of a judgment of dismissal without further notice. ECF No. 27.

Plaintiff did not timely file an amended complaint and, on March 27, 2024, thirty-five days the Court's Order granting the motion to dismiss, the Court entered an Order of Dismissal and Judgment of Dismissal without prejudice.[1] ECF Nos. 29, 30.

On April 24, 2024, Plaintiff filed an amended complaint. ECF No. 31. This pleading was filed sixty-three days after the Order granting the motion to dismiss,

---

[1] Coincidentally, Defendant moved to dismiss the case for lack of prosecution on the same day, March 27, 2024. ECF No. 28. The Court dismissed the case pursuant to its prior Order without reference to or consideration of Defendant's March 27 motion.

thirty-three days after the deadline to file an amended complaint, and twenty-eight days after the entry of judgment.

Two days later, on April 26, 2024, Plaintiff filed a Notice of Appeal, ECF No. 34, and belatedly filed the present Motion to Set Aside Judgment, ECF No. 32. In the motion, Plaintiff asserts excusable neglect as a basis to set aside the judgment. On May 8, 2024, Defendant filed its Response to Plaintiff's motion, ECF No. 36, as well as its own Motion to Strike the Amended Complaint, ECF No. 35. Plaintiff has not filed a reply brief in support of her motion or a response to Defendant's motion and the time for doing so has now passed.

As noted, Plaintiff filed a Notice of Appeal on April 26, 2024. The filing of a notice of appeal generally divests a district court of jurisdiction to consider the matters on appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The Federal Rules of Appellate Procedure provide:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion entered.

Fed. R. App. P. 4(a)(4)(B)(i).

Among the motions listed in Rule 4(a)(4)(A) is a motion "for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59."

Page 3 –OPINION & ORDER

Fed. R. App. P. 4(a)(4)(A)(vi).  A motion under Rule 59 "to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).[2]  "Under these provisions, a notice of appeal filed after the district court announces judgment is not effective until the district court has disposed of all Rule 60(b) motions filed no later than [28] days after judgment is entered."  *Miller v. Marriott Int'l Inc.*, 300 F.3d 1061, 1063-64 (9th Cir. 2002).[3]  Here, Plaintiff did not file her motion to set aside the judgment under Rule 60 until April 26, 2024, which is thirty days after the entry of judgment in this case and two days after the deadline for filing a motion under Rule 59.  Because Plaintiff's motion was not filed within the time allowed under Federal Rule of Appellate Procedure 4, jurisdiction is vested with the United States Court of Appeals for the Ninth Circuit.  *See Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007) ("Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment.").

"However, a district court may entertain and decide a Rule 60(b) motion after notice of appeal is filed if the movant follows a certain procedure, which is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the circuit court], if appropriate, for remand of the case."  *Davis*, 481 F.3d at 685 (internal quotation marks and citation omitted).  This procedure is spelled out

---

[2] By applying the time limitation for motions brought under Rule 59, Federal Rule of Appellate Procedure 4 narrows the time ordinarily allowed for filing a motion under Rule 60(b).  Fed. R. Civ. P. 60(c).

[3] The Ninth Circuit's decision in *Miller v. Marriott Int'l Inc.* was issued under a previous version of Federal Rule of Appellate Procedure 4(a)(4)(A) that included a ten-day limit to file a Rule 60 motion. *See Lenk v. Monolithic Power Sys., Inc.*, Case No. 16-cv-02625-BLF, 2017 WL 4025559, at *4 n.3 (N.D. Cal. Sept. 13, 2017).  The Court has altered the quoted language to account for the deadline under the current version of Federal Rule of Appellate Procedure 4.

in Federal Rule of Civil Procedure 62.1:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
>   (1) defer considering the motion;
>
>   (2) deny the motion; or
>
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeal. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

Fed. R. Civ. P. 62.1.

"After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand." Fed. R. Civ. P. 62.1 Advisory Committee Notes 2009 Adoption.

Plaintiff has not followed that procedure with the present motion and so the Court is without the power to grant the relief Plaintiff seeks, even if it were inclined to do so. For the sake of clarity, the Court declines to state that it would grant the motion if it were remanded and further declines to state that the motion raises a substantial issue. Instead, the Court will deny the motion pursuant to Federal Rule of Civil Procedure 62.1(a)(2).

Finally, the Court notes that Defendant has filed a Motion to Strike the

Amended Complaint. ECF No. 35. Plaintiff has not responded to the motion and the time for doing so has now passed. As previously noted, final judgment had been entered in this case prior to the filing of the Amended Complaint and an appeal of that judgment is pending. The Court will deny the motion to strike as moot with leave to refile should this case be remanded to this Court.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Set Aside the Judgment, ECF No. 32, is DENIED. Defendant's Motion to Strike, ECF No. 35, is DENIED AS MOOT with leave to refile should the case be remanded to this Court.

It is so ORDERED and DATED this ___28th___ day of May 2024.

      /s/Ann Aiken
    ANN AIKEN
    United States District Judge